UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-011 |
| | ) | |
| AMANDA HAYES | ) | |

## MEMORANDUM AND ORDER

In May 2020, the defendant filed a *pro se* motion for compassionate release pursuant to 18 USC § 3582(c)(1)(A), citing the COVID-19 pandemic and cases of Legionnaires' disease at her prison. [Doc. 236]. That filing was rendered moot by a July 27, 2020 counseled motion for compassionate release, with supplement. [Docs. 244, 248]. The United States responded in opposition to the counseled motion. [Docs. 250, 254, 255].

On September 3, 2020, the Court directed the parties to provide additional briefing, observing that:

> Among the issues in this case is the documented presence of Legionnaires' disease at the defendant's prison *as of January 28, 2020*. [Doc. 244, ex. B]. The record before the Court is silent as to the *current* status of that problem, and the Court therefore finds itself without sufficient information to decide the instant motions.
>
> The parties are accordingly directed to file supplemental briefing, solely on the issue of the current presence of Legionnaires' disease and Legionella bacteria at the defendant's prison, no later than September 24, 2020. Reply briefs are unnecessary but may be filed no later than October 1, 2020.

[Doc. 256] (emphasis in original). The parties have thoroughly complied with that order [docs. 257, 258, 260] and the motion is now ripe for review. As provided below, the motion will be denied.

## I. BACKGROUND

In March 2017, the Honorable Thomas W. Phillips sentenced the defendant to a 120-month term of imprisonment for conspiring to distribute methamphetamine. The defendant is presently housed at FCI Coleman Low with a scheduled release date of September 5, 2024. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 14, 2020). Through counsel, the defendant moves for immediate compassionate release citing asthma, anemia, a history of cancer, the risk of Legionnaires' disease, the COVID-19 pandemic generally, and her July 2020 bout with that virus.

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A)

(2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on her behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id.* at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id.* (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). If such reasons are shown, the Court must then determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

U.S.S.G. § 1B1.13(2). If the Court so finds, it must then consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

## A. Exhaustion

The defendant has previously submitted a request for compassionate release to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 255, ex. 1]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

## B. Merits

Movants bear a threshold burden of demonstrating the existence of extraordinary and compelling reasons warranting compassionate release. Addressing that burden, the Application Notes to guideline 1B1.13 provide in material part:

> 1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,

4

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1.

The Court will address the instant motion under subsection (A)(ii)(I). As noted above, the defendant seeks compassionate release due to asthma, anemia, COVID-19, a history of cancer, and the risk of Legionnaires' disease.

The defendant tested positive for COVID-19 in July 2020. [Doc. 254]. On August 10, 2020, BOP medical staff noted that the defendant had been asymptomatic for ten days or more. [*Id.*]. There was "resolution of all symptoms" and the defendant was released from quarantine. [*Id.*].

The defendant is treated for asthma and unspecified anemia. [Doc. 248]. Additionally, an oral lesion was found in 2019. [*Id.*]. In March 2020, the lesion was surgically removed. [Doc. 254]. Thankfully, pathology determined that it was benign. [*Id.*].

In January and February of this year, there were four confirmed and 25 suspected cases of Legionella at the defendant's prison, all of whom were then treated. [Doc. 260]. The defendant tested negative. [*Id.*]. Since January, the BOP has undertaken extensive remedial measures to eliminate Legionella bacteria at the defendant's facility. [*Id.*; doc. 258, exs. 3, 4]. According to the declaration of Hector Rivera, the camp administrator at the defendant's prison, "there are no known active Legionella cases at the Camp" as of September 28, 2020. [Doc. 260]. Through counsel, the defendant acknowledges that she "has been unable to obtain any current information regarding the presence of Legionnaire's disease or Legionella bacteria at the FCC Coleman – Satellite Camp facility." [Doc. 257, p. 3].

5

On the record before it, the Court concludes that the defendant's cited medical conditions are not of the severity contemplated by guideline 1B1.13's policy statement. *See, e.g., United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (medically managed serious health conditions, paired with a generalized fear of COVID-19, fell short of "extraordinary and compelling reasons" justifying compassionate release). The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

The BOP's SENTRY Report shows that the defendant is categorized as Care Level 1. "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Oct. 7, 2020). Further, the SENTRY Report indicates that the defendant remains able to work as a landscaper at her prison.

For these reasons, the Court finds that the defendant has not met her burden of showing that she suffers from a "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional

facility and from which he or she is not expected to recover." The motion must accordingly be denied.[1]

### III. CONCLUSION

As provided herein, the defendant's *pro se* motion for compassionate release [doc. 236] is **DENIED AS MOOT**. Her counseled motion [doc. 244] must be and is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[1] Nonetheless, the Court is compelled to note the obvious rehabilitative efforts being put forth by the defendant. Her counseled motion documents her work ethic, remorse, positive attitude, and efforts to maintain family relationships. The SENTRY Report shows a clean disciplinary record and participation in educational and vocational programming. As the defendant is no doubt personally aware, not every inmate uses her or his prison time in such a positive manner. The Court wholeheartedly congratulates the defendant and encourages her to stay on her current path.

7