| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-011 |
| | ) | |
| AMANDA HAYES | ) | |

## MEMORANDUM AND ORDER

By memorandum and order entered October 16, 2020, this Court denied the defendant's counseled 18 USC § 3582(c)(1)(A) motion for compassionate release. [Doc. 261]. In that motion [doc. 244], the defendant argued that her immediate compassionate release from prison was warranted by asthma, anemia, a history of cancer, the risk of Legionnaires' disease at her facility, the COVID-19 pandemic generally, and her July 2020 bout with that virus.

Now before the Court is the defendant's counseled "Motion for Reconsideration of Order Denying Amended Motion for Compassionate Release," as supplemented. [Docs. 262, 265]. In light of an intervening change in the law, *see United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), the Court construes the defendant's filing as a renewed motion for compassionate release.

The United States has responded in opposition to the motion [docs. 267, 271], and the defendant has submitted a counseled reply. [Doc. 272]. The motion is now ripe for consideration and, for the reasons that follow, will be denied.

# I.   BACKGROUND

In March 2017, the Honorable Thomas W. Phillips sentenced the defendant to a 120-month term of imprisonment for conspiring to distribute methamphetamine.  The defendant is presently in the custody of the Bureau of Prisons ("BOP") with a scheduled release date of September 5, 2024.  *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 10, 2021).  Through counsel, the defendant now moves for immediate compassionate release "based on her exposure to COVID-19, long term effects from COVID-19 infection, risk of being reinfected with COVID-19, and her impeccable rehabilitation record."  [Doc. 262, p. 1].  In particular, the defendant notes that she now takes prescription medication "for an irregular heart pattern following her recovery from COVID-19."  [*Id.*, p. 2].[1]

# II.   COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons."  That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[1] The defendant also raises arguments pertaining to her conditions of confinement.  Such claims might be cognizable, *see, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976), but they should be presented in a civil lawsuit in the prisoner's district of confinement after the exhaustion of administrative remedies.  *See* 42 U.S.C. § 1997e(a).  There is no evidence that this defendant has exhausted her administrative remedies on those claims, nor is she incarcerated in this judicial district.

2

> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A).  Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant.  *See* 18 U.S.C. § 3582(c)(1)(A) (2017).  The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on her behalf.  *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes.  When the undersigned denied the defendant's prior compassionate release motion in October 2020, district courts in this circuit regularly turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" warranting a sentence reduction.  However, as of November 20, 2020, courts are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP).  *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[2]

In *Jones*, the Sixth Circuit observed that "[d]istrict courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision."  980 F.3d at 1114.  Subsequently, in *Elias*, the appellate court "clarified" that "district courts may deny

---

[2] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3

compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." 984 F.3d at 519.

## A. Exhaustion

The defendant has previously submitted a request for compassionate release to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 262]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

## B. Merits

Movants bear a threshold burden of demonstrating the existence of extraordinary and compelling reasons warranting compassionate release. In its prior ruling, the Court addressed the medical record as follows:

> The defendant tested positive for COVID-19 in July 2020. [Doc. 254]. On August 10, 2020, BOP medical staff noted that the defendant had been asymptomatic for ten days or more. [*Id.*]. There was "resolution of all symptoms" and the defendant was released from quarantine. [*Id.*].

> The defendant is treated for asthma and unspecified anemia. [Doc. 248]. Additionally, an oral lesion was found in 2019. [*Id.*]. In March 2020, the lesion was surgically removed. [Doc. 254]. Thankfully, pathology determined that it was benign. [*Id.*].

> In January and February of [2020], there were four confirmed and 25 suspected cases of Legionella at the defendant's prison, all of whom were then treated. [Doc. 260]. The defendant tested negative. [*Id.*]. Since January, the BOP has undertaken extensive remedial measures to eliminate Legionella bacteria at the defendant's facility. [*Id.*; doc. 258, exs. 3, 4]. According to the declaration of Hector Rivera, the camp administrator at the defendant's prison, "there are no known active Legionella cases at the Camp" as of September 28, 2020. [Doc. 260]. Through counsel, the defendant acknowledges that she "has been unable to obtain any current information regarding the presence of Legionnaire's disease or Legionella bacteria at the FCC Coleman – Satellite Camp facility." [Doc. 257, p. 3].

4

. . .

> The BOP's SENTRY Report shows that the defendant is categorized as Care Level 1. "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Oct. 7, 2020). Further, the SENTRY Report indicates that the defendant remains able to work as a landscaper at her prison.

[Doc. 261, p. 5-6]. The Court has reviewed the supplemental medical records filed by the parties [docs. 265, 271], along with an updated SENTRY Report, and sees no basis to alter those prior findings.

Turning to the defendant's irregular heartbeat, medical records from August 27, 2020, state that her heart rate is "always high." [Doc. 265]. The physician's assistant noted that an irregular heartbeat has been present "since diagnosis of covid-19." [*Id.*]. The defendant received a prescription which, according to the medical provider, would hopefully "be able to stop it soon." [*Id.*].

At subsequent appointments in August, September, November, and December of 2020, the defendant had a *regular* heart rate and rhythm. [Doc. 271]. She remains on her prescription [doc. 265] and as she herself concedes in her reply brief, "the medication is working." [Doc. 272, p. 3]. According to the updated SENTRY Report, the defendant remains classified as Care Level 1 and still has no work-related medical restrictions.

Lastly, the Court notes the defendant's argument regarding her rehabilitative efforts, which the Court praised in its prior ruling. [Doc. 261, p.7, n.1]. It appears that the defendant remains on that path. However, while this Court considers disciplinary records and rehabilitative efforts to be highly relevant to a discussion of the 3553(a) factors, the Court

5

does not find those facts sufficient to constitute "extraordinary and compelling" grounds for compassionate release. Good conduct and self-improvement are what this Court expects of every person it sentences. The defendant's efforts, while laudable, are thus not extraordinary.

The Court has considered the arguments presented by the defendant, individually and in combination. As explained herein, the Court again concludes that the defendant has not met her burden of showing extraordinary and compelling grounds for compassionate release. Her renewed motion must therefore be denied.

### III.  CONCLUSION

As provided herein, the defendant's "Motion for Reconsideration of Order Denying Amended Motion for Compassionate Release" [doc. 262] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:


                                   s/ Leon Jordan
                        United States District Judge